10-3395-cv
Otte v. Brusinski et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of September, two thousand eleven.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
          ROGER J. MINER,
          ROBERT A. KATZMANN,
                          <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
STEVEN W. OTTE,
          <u>Plaintiff-Appellant</u>,

          -v.-                                          10-3395-cv

FRANK BRUSINSKI, sued in his
individual capacity, DONNA DeLUSSO,
sued in her individual capacity,
          <u>Defendants-Appellees</u>,

STEVEN BARBER, sued in his individual
capacity,
          <u>Defendant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:     Stephen Bergstein, Bergstein & Ullrich,
                   LLP, Chester, New York.

**FOR APPELLEES:**     Marion R. Buchbinder, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Benjamin N. Gutman, Deputy Solicitor General, <u>of counsel</u>), <u>for</u> Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Steven Otte ("Otte") appeals from the July 22, 2010 judgment of the United Stated District Court for the Southern District of New York (Seibel, <u>J.</u>), granting summary judgment in favor of Defendants-Appellants Frank Brusinksi ("Brusinski") and Donna DeLusso ("DeLusso") and dismissing Otte's claim, brought pursuant to 42 U.S.C. § 1983, that he was retaliated against for exercising his First Amendment right of free speech. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review <u>de</u> <u>novo</u> a district court's grant of summary judgment. <u>See</u> <u>F.D.I.C. v. Great Am. Ins. Co.</u>, 607 F.3d 288, 292 (2d Cir. 2010).

**[1]** "To establish a First Amendment retaliation claim, a plaintiff must show: (1) his speech addressed a matter of public concern; (2) he suffered an adverse employment action; and (3) a causal connection between the speech and the adverse employment action." <u>Singh v. City of New York</u>, 524 F.3d 361, 372 (2d Cir. 2008). Otte complained to his supervisor, Brusinski, that certain patients at the Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson") should not have the use of a microwave oven. Otte's speech was "pursuant to his official duties because it was part-and-parcel of his concerns about his ability to properly execute his duties" as a security hospital treatment assistant--namely, to maintain a safe environment for other patients and employees. <u>Weintraub v. Bd. of Educ.</u>, 593 F.3d 196, 203 (2d Cir. 2010) (internal quotation

2

marks omitted).  His speech therefore was not protected by the First Amendment, see Garcetti v. Ceballos, 547 U.S. 410, 421 (2006), and he thus failed to satisfy the first requirement necessary to allege a First Amendment retaliation claim.

**[2]** Even assuming Otte's speech was protected, he suffered no adverse employment action as a result.  The term "adverse employment action" has a different meaning in the context of a First Amendment retaliation claim than it does in cases brought under Title VII.  See Zelnik v. Fashion Inst. of Tech., 464 F.3d 217, 225–26 (2d Cir. 2006).  A plaintiff need not demonstrate a material change in employment terms or conditions in order to establish that he was subjected to an adverse employment action; rather, a plaintiff need only show that the retaliatory conduct in question "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights."  Id. at 225 (internal quotation marks omitted).

The detriment Otte relies on is his transfer from one floor to another, at which he performed the *same* job. Pursuant to a collective bargaining agreement, Mid-Hudson management has the right, at its *sole* discretion, to deploy employees between floors within a building.  Moreover, Otte's transfer was made as a result of Brusinski's claim that Otte's comments were threatening.  It is undisputed that the facility's normal operating procedure was to separate an employee from a supervisor when a threat was alleged to have been made.  In short, Otte's transfer was not the type of action that "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights" and was therefore not an adverse employment action.  Id. (internal quotation marks omitted).

We have considered all of Otte's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3